IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER M. ELLINGTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1404-GBW |
| VINCE KANE, et al., | : |
| Defendants. | : |

MEMORANDUM ORDER

At Wilmington this 31st day of October, 2022,

1.  On October 19, 2022, the Court entered an order for Plaintiff to respond to Defendants' motion to dismiss for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted filed on March 14, 2022. (D.I. 14, 15) Plaintiff was given an October 28, 2022 deadline to file a response. Plaintiff was warned that his failure to file a result could result in dismissal of the case for failure to prosecute. (D.I. 15) Plaintiff did not file a response to the motion to dismiss.

2.  Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to

1

prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal including Plaintiff's having taken no action in this matter since February 15, 2022, his failure to respond to Defendants' motion to dismiss, Plaintiff's apparent abandonment of this case, and his failure to prosecute this matter.

THEREFORE, it is Ordered that:

1. Defendants' motion to dismiss is DENIED as moot. (D.I. 14)

2. The Complaint is DISMISSED without prejudice for Plaintiff's failure

2

to prosecute this case.

    3.    The Clerk of Court is directed to CLOSE the case.

_____
UNITED STATES DISTRICT JUDGE